# The State of New Hampshire

**MERRIMACK COUNTY**  **SUPERIOR COURT**

( ) COURT
(X) JURY

**WRIT OF SUMMONS**

Michael Wintle, administrator of the Estate of Michael K. Wintle

v.

St. Paul's School
325 Pleasant Street
Concord, NH 03301

ReliaStar Life Insurance Co.
20 Washington Avenue South
Minneapolis, MN 55401

Jefferson Pilot Financial
8801 Indian Hills Drive
Omaha, NE 68114

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of <u>December</u>, <u>2004</u>
YEAR                                                                                                                                                 MONTH

The PLAINTIFF(S) state(s):

See attached.

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.
Michael Wintle, administrator of the Estate of Michael K. Wintle
By _____
INDORSER (sign and print name)
Christopher A. Bandazian, Esq.

9/28/04
DATE OF WRIT

**NOTICE TO THE DEFENDANT**

The Plaintiff listed above has begun legal action against you. You do not have to physically appear in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, WALTER L. MURPHY, Chief Justice, Superior Court.

_William S. McGraw_
William S. McGraw, Clerk
NH Superior Court Merrimack County
PO Box 2880
Concord, NH 03302-2880
(603) 225-5501

SIGNATURE OF PLAINTIFF/ATTORNEY
Christopher A. Bandazian, Esq.
PRINTED/TYPED NAME
708 Pine Street, Manchester, NH 03104
ADDRESS
603 / 625-6441

## COMPLAINT

### I. Parties

1. Plaintiff Michael Wintle is the administrator of the Estate of Michael K. Wintle and the son of the deceased Michael K. Wintle. In addition, the plaintiff is beneficiary of the employer-provided group accidental death coverage insuring the life of Michael K. Wintle.

2. Defendant St. Paul's School is located in Concord, New Hampshire and was the employer of the deceased, Michael K. Wintle, and provided the said accidental death coverage as an employee benefit.

3. Defendant ReliaStar Life Insurance Company ("ReliaStar") is a company with a principal place of business in Minneapolis, Minnesota. ReliaStar issued group accidental death insurance to St. Paul's School through June 30, 2002.

4. Defendant Jefferson Pilot Financial ("Jefferson Pilot") is a company with a principal place of business in Omaha, Nebraska. Jefferson Pilot issued group accidental death insurance to St. Paul's School from June 1, 2002 through Mr. Wintle's date of death.

### II. Factual Allegations

5. The deceased, Michael K. Wintle, died as a result of an accidental fall at his home on October 29, 2002.

6. Mr. Wintle began working for the defendant as a building services worker on April 11, 1999.

7. Mr. Wintle went out on medical leave for mental health issues on May 16, 2002 and received long term disability benefits beginning August 15, 2002.

8. At and before the time Mr. Wintle's medical leave began, as part of his employment benefits, Mr. Wintle received group accidental death insurance coverage through ReliaStar Insurance Company.

9. On September 30, 2002, Mr. Wintle was terminated from employment when he was unable to return to work with St. Paul's School due to mental illness.

10. St. Paul's School continued to pay the accidental death insurance premiums on Mr. Wintle's behalf from May 16, 2002, the date he went out on medical leave, until the date of termination.

11. St. Paul's School paid premiums on Mr. Wintle's behalf to ReliaStar through June 30, 2002, and thereafter paid said premiums to Jefferson Financial through the date of Mr. Wintle's termination.

12. Mr. Wintle submitted claims under St. Paul's School's group accidental death insurance coverage with ReliaStar and, in the alternative, with Jefferson Pilot.

13. ReliaStar has denied Mr. Wintle's claim, contending that its insurance contract with St. Paul's School required a Waiver of Premium Disability Claim form to be filed at the time of Mr. Wintle's medical leave and while Mr. Wintle was still living for Mr. Wintle's accidental death insurance coverage to continue.

14. Defendant St. Paul's School failed to file a waiver of premium form, allegedly required under the terms of the ReliaStar group accidental death insurance, on Mr. Wintle's behalf, failed to inform or assist Mr. Wintle in the preparation or filing of a waiver of premium form, and did not inform Mr. Wintle that a waiver of premium form

needed to be filed to maintain his ReliaStar accidental death coverage at the time his medical leave began.

15. As a direct, proximate, and foreseeable result, no waiver of premium form was filed prior to Mr. Wintle's death.

16. Neither ReliaStar or St. Paul's School informed Mr. Wintle that a waiver of premium form needed to be filed in order for his accidental death insurance coverage benefit to continue after he became totally disabled on May 16, 2002.

17. Mr. Wintle had no independent knowledge that St. Paul's group ReliaStar accidental death insurance coverage required him to file a waiver of premium form to maintain his coverage and he relied upon his employer, St. Paul's School, and/or ReliaStar to inform him of the terms of their group policy.

18. The plaintiff's claim for ReliaStar accidental death insurance benefits after Mr. Wintle's death was denied on the grounds that a Waiver of Life Insurance Premium Disability Benefit had not been completed in the required time period.

19. If St. Paul's School had filed the disability waiver on Mr. Wintle's behalf, or otherwise had informed him and assisted him in the filing of the waiver himself, the plaintiff-beneficiary of said coverage would have received the accidental death insurance benefit.

20. Defendant Jefferson Pilot became the accidental death insurance carrier for St. Paul's School commencing July 1, 2002 and accepted St. Paul's School's premiums to insure Mr. Winkle's life against accidental death thereafter.

21. Jefferson Pilot denied Mr. Wintle his accidental death benefits notwithstanding its acceptance of premiums to cover Mr. Wintle on the grounds that Mr.

3

Wintle was not "actively at work" at the time at the Jefferson Pilot took over as St. Paul's School's accidental death insurer on July 1, 2002.

III. Causes of Action

A. Count I - Negligence (as to St. Paul's School)

22. The defendant St. Paul's School as Mr. Wintle's employer owed Mr. Wintle a duty of care to inform him at the time of his medical leave that he was required to submit a waiver of premium form, to assist Mr. Wintle in the filing of said form, and/or to file said form on Mr. Wintle's behalf in order for Mr. Wintle to maintain his accidental health insurance coverage.

23. St. Paul's School breached its duty of care by not informing Mr. Wintle that he was required to submit a waiver of premium form while he was still living, not assisting Mr. Wintle in the filing of said form, and/or filing said form on Mr. Wintle's behalf.

24. As a direct, proximate, and foreseeable result of the defendant St. Paul's School's negligence as aforesaid and otherwise, the plaintiff suffered injury including loss of the accidental death insurance benefit valued at $41,000.00 and attorneys fees and costs.

B. Count II - Breach of Contract (as to St. Paul's School)

25. The plaintiff realleges and reasserts all of the facts and allegations herein.

26. As a full time employee of St. Paul's School whose group accidental death coverage was a part of his compensation for performing his services as a building services worker, Mr. Wintle had an implied contract with the defendant St. Paul's School.

27. Pursuant to the implied contract, St. Paul's School was required to inform Mr. Wintle of the requirements necessary to maintain insurance coverage to which he was entitled under the contract.

28. The defendant St. Paul's School breached the implied contract when it failed to inform Mr. Wintle that when he went out on medical leave he was required to submit a waiver of premium form to ReliaStar to assist Mr. Wintle in the filing of said form and/or filing the form on Mr. Wintle's behalf.

29. As a result of the defendant St. Paul School's breach of contract, Mr. Wintle suffered damages including loss of the accidental death insurance benefit valued at $41,000.00 and attorneys fees and costs.

C. Count III - Negligence (as to ReliaStar)

30. The plaintiff realleges and reasserts all of the facts and allegations herein.

31. As provider of accidental death benefits to Mr. Wintle, defendant ReliaStar owed Mr. Wintle a duty to inform him that he was required to file a waiver of premium form when he became fully disabled in order to continue to be covered under the policy and/or to assist Mr. Wintle in the filing of said form.

32. ReliaStar breached its duty to inform when it failed to inform Mr. Wintle that he was required to file a disability waiver form when he became fully disabled in order to continue to be covered under the policy and/or to assist Mr. Wintle in the filing of said form.

33. As a direct and proximate result of the defendant ReliaStar's negligence, the plaintiff suffered injury including loss of the accidental death insurance benefit valued at $41,000.00 and attorneys fees and costs.

D. <u>Count IV - Assumpsit (as to ReliaStar and Jefferson Pilot)</u>

34. The plaintiff realleges and reasserts all of the facts and allegations herein.

35. By accepting accidental death insurance premiums from St. Paul's School on Mr. Wintle's behalf, notwithstanding any terms of their group accidental death insurance contract with St. Paul's School that may have been involved to deny coverage during the time the premiums were accepted, the defendants ReliaStar and Jefferson Pilot undertook to insure Mr. Wintle for accidental death.

36. ReliaStar and Jefferson Pilot breached their promise to insure Mr. Wintle for accidental death when they refused to pay the plaintiff after Mr. Wintle's accidental death on October 29, 2002.

37. As a result of the defendants ReliaStar and Jefferson Pilot's breach of promise, Mr. Wintle suffered damages including loss of the accidental death insurance benefit valued at $41,000.00 and attorneys fees and costs.

E. <u>Count V - Unjust Enrichment (as to ReliaStar and Jefferson Pilot)</u>

38. The plaintiff realleges and reasserts all of the facts and allegations herein.

39. By accepting premiums from St. Paul's School on Mr. Wintle's behalf, notwithstanding any terms of their group accidental death insurance contract with St. Paul's School that may have been involved to deny coverage during the time the premiums were accepted, the defendants ReliaStar and Jefferson Pilot undertook to insure Mr. Wintle for accidental death benefits.

40. After taking the premiums on behalf of Mr. Wintle from St. Paul's School, the defendants ReliaStar and Jefferson Pilot were unjustly enriched when they refused to pay the accidental death benefit after Mr. Wintle's accidental death.

6

41. As a result of the defendants ReliaStar and Jefferson Pilot's unjust enrichment, Mr. Wintle suffered damages including loss of the accidental death insurance benefit valued at $41,000.00 and attorneys fees and costs.

### THE PLAINTIFF DEMANDS A JURY TRIAL

7

## Merrimack County Sheriff's Office
163 North Main St.
Concord, NH 03301
Phone: 603-225-5583

JEFFERSON PILOT FINANCIAL

~~21 SOUTH FRUIT ST~~
~~CONCORD, NH 03301~~

MERRIMACK, SS                     DATE: October 12, 2004

I, DEPUTY ALAN C DEMICHELIS, this day at 03:00pm, summoned the within named defendant JEFFERSON PILOT FINANCIAL, by leaving at the office of Roger Sevigny, Insurance Commissioner for the State of New Hampshire its true and lawful attorney for the service of process under and by virtue of Chapter 405-10 NH RSA as amended, two true and attested copies of this RECEIPT OF WRIT and I paid said Commissioner for the State twenty-five ($25.00) dollars as their fee for accepting service.

FEES:
Service:        15.00
Misc:
  Postage       1.00
  Travel        2.50

Total:          18.50

_____, Deputy Sheriff
DEPUTY ALAN C DEMICHELIS



# THE STATE OF NEW HAMPSHIRE
## INSURANCE DEPARTMENT

21 SOUTH FRUIT STREET SUITE 14
CONCORD, NEW HAMPSHIRE 03301

Roger A. Sevigny
Commissioner

Alexander K. Feldvebel
Deputy Commissioner

OCTOBER 20, 2004

RECEIVED JP LEGAL DEPARTMENT
DATE *April* 10-25-04

CERTIFIED MAIL
7004 0550 0000 1589 9359

RICHARD T. STANGE, ESQ
JEFFERSON PILOT FINANCIAL INSURANCE COMPANY
100 NORTH GREENE STREET
GREENSBORO NC 27401

Dear Sir or Madam:

You are hereby notified of the service upon me as attorney for your Company of an **ORDER OF NOTICE: WRIT OF SUMMONS.**

**MICHAEL WINTLE, ADMINISTRATOR OF THE ESTATE OF MICHAEL K. WINTLE VS. ST PAUL'S SCHOOL, RELIASTAR LIFE INSURANCE CO. AND JEFFERSON PILOT FINANCIAL INSURANCE COMPANY,** principal defendant.

This process is brought in the SUPERIOR COURT AT MERRIMACK COUNTY AT CONCORD, NEW HAMPSHIRE: WRITTEN APPEARANCE TO BE FILED BY THE RETURN DAY OF THIS WRIT WHICH IS THE FIRST TUESDAY OF DECEMBER. A copy of this process is attached.

(12/7/04)

Very truly yours,

Roger A. Sevigny
Insurance Commissioner

Enclosure

TELEPHONE 603-271-2261 • FAX 603-271-1406 • TDD ACCESS RELAY NH 1-800-735-2964
WEBSITE: www.nh.gov/insurance

# The State of New Hampshire

**MERRIMACK, SS.**                                          **SUPERIOR COURT**

## RECEIPT OF WRIT

DATE: September 28, 2004

DOCKET NUMBER: 04-C-456

Michael Wintle

v.

St. Pauls School, et al.

    The writ in the above-captioned matter was filed with the Clerk of this Court on September 27, 2004 at 8:32 am.

    The plaintiff or his/her attorney is to attach a copy of this receipt to identical copies of the original writ and deliver them to the sheriff or other legally authorized entity for service on each named defendant. Sufficient copies shall be provided to allow for a service copy for each named defendant and a copy for each officer completing service to complete the return. The return copies shall be filed with the court in accordance with N.H. Superior Court Rule 3.

By Order of the Court

William S. McGraw, Clerk