U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2004 NOV 24   A 11: 05

UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michael Wintle, Administrator of the  \*
Estate of Michael K. Wintle,          \*
    *Plaintiff*              \*
                              \*
                              \*
    v.                        \*
                              \*    Civil Action No. 1:04-CV-00415-JM
                              \*
St. Paul's School, ReliaStar Life     \*
Insurance Company, and Jefferson      \*
Financial Insurance Company,          \*
    *Defendants*             \*
                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

I. Parties

1. Plaintiff Michael Wintle is the administrator of the Estate of Michael K. Wintle and the son of the deceased Michael K. Wintle. In addition, the plaintiff is beneficiary of the employer-provided group accidental death coverage insuring the life of Michael K. Wintle.

2. Defendant St. Paul's School is located in Concord, New Hampshire and was the employer of the deceased, Michael K. Wintle, and provided the said accidental death coverage as an employee benefit.

3. Defendant ReliaStar Life Insurance Company ("ReliaStar") is a company with a principal place of business in Minneapolis, Minnesota. ReliaStar issued group accidental death insurance to St. Paul's School through June 30, 2002.

4. Defendant Jefferson Pilot Financial ("Jefferson Pilot") is a company with a principal place of business in Omaha, Nebraska. Jefferson Pilot issued group accidental death insurance to St. Paul's School from July 1, 2002 through Mr. Wintle's date of death.

II. Factual Allegations

5. The deceased, Michael K. Wintle, died as a result of an accidental fall at his home on October 29, 2002.

6. Mr. Wintle began working for the defendant as a building services worker on April 11, 1999.

7. Mr. Wintle went out on medical leave for mental health issues on May 16, 2002 and received long term disability benefits beginning August 15, 2002.

8. At and before the time Mr. Wintle's medical leave began, as part of his employment benefits, Mr. Wintle received group accidental death insurance coverage through ReliaStar Insurance Company.

9. On September 30, 2002, Mr. Wintle was terminated from employment when he was unable to return to work with St. Paul's School due to mental illness.

10. St. Paul's School continued to pay the accidental death insurance premiums on Mr. Wintle's behalf from May 16, 2002, the date he went out on medical leave, until the date of termination.

11. St. Paul's School paid premiums on Mr. Wintle's behalf to ReliaStar through June 30, 2002, and thereafter paid said premiums to Jefferson Financial through the date of Mr. Wintle's termination.

12. The plaintiff submitted claims under St. Paul's School's group accidental death insurance coverage with ReliaStar and, in the alternative, with Jefferson Pilot.

13. ReliaStar has denied the plaintiff's claim, contending that its insurance contract with St. Paul's School required a Waiver of Premium Disability Claim form to be filed at the time of Mr. Wintle's medical leave and while Mr. Wintle was still living for Mr. Wintle's accidental death insurance coverage to continue.

14. The St. Paul's "Policies and Procedures" handbook issued to Mr. Wintle was silent as to the existence of a waiver of premium procedure or requirement.

15. Defendant St. Paul's School failed to file a waiver of premium form, allegedly required under the terms of the ReliaStar group accidental death insurance, on Mr. Wintle's behalf, failed to inform or assist Mr. Wintle in the preparation or filing of a waiver of premium form, and did not inform Mr. Wintle that a waiver of premium form needed to be filed to maintain his ReliaStar accidental death coverage at the time his medical leave began.

16. As a direct, proximate, and foreseeable result of St. Paul's bad faith and/or culpability, no waiver of premium form was filed prior to Mr. Wintle's death.

17. Neither ReliaStar or St. Paul's School informed Mr. Wintle that a waiver of premium form needed to be filed in order for his accidental death insurance coverage benefit to continue after he became totally disabled on May 16, 2002.

18. Mr. Wintle had no independent knowledge that St. Paul's group ReliaStar accidental death insurance coverage required him to file a waiver of premium form to maintain his coverage and he relied upon his employer, St. Paul's School, and/or ReliaStar to inform him of the terms of their group policy.

19. The plaintiff's claim for ReliaStar accidental death insurance benefits after Mr. Wintle's death was denied on the grounds that a Waiver of Life Insurance Premium Disability Benefit had not been completed in the required time period.

20. If St. Paul's School had filed the disability waiver on Mr. Wintle's behalf, or otherwise had informed him and assisted him in the filing of the waiver himself, the plaintiff-beneficiary of said coverage would have received the accidental death insurance benefit.

21. Defendant Jefferson Pilot became the accidental death insurance carrier for St. Paul's School commencing July 1, 2002 and accepted St. Paul's School's premiums to insure Mr. Winkle's life against accidental death thereafter.

22. Jefferson Pilot denied Mr. Wintle his accidental death benefits notwithstanding its acceptance of premiums to cover Mr. Wintle on the grounds that Mr. Wintle was not "actively at work" at the time at the Jefferson Pilot took over as St. Paul's School's accidental death insurer on July 1, 2002.

III. Causes of Action

A. Count I - Breach of Fiduciary Duty (as to St. Paul's School)

23. The defendant St. Paul's School as Mr. Wintle's employer owed Mr. Wintle a fiduciary duty pursuant to 29 U.S.C. §1132(a)(3) to inform him at the time of his medical leave that he was required to submit a waiver of premium form, to assist Mr. Wintle in the filing of said form, and/or to file said form on Mr. Wintle's behalf in order for Mr. Wintle to maintain his accidental health insurance coverage.

24. St. Paul's School breached its fiduciary duty by not informing Mr. Wintle that he was required to submit a waiver of premium form while he was still living and/or

4

while he was "actively at work", not assisting Mr. Wintle in the filing of said form, and/or filing said form on Mr. Wintle's behalf.

25. As a direct, proximate, and foreseeable result of the defendant St. Paul's School's breach of fiduciary duty as aforesaid and otherwise, the plaintiff suffered loss of the accidental death insurance benefit valued at $41,000.00. 29 U.S.C. §1132(a)(1)(B).

26. The plaintiff is also entitled to reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(1).

B. Count II - Breach of Fiduciary Duty (as to ReliaStar)

27. The plaintiff realleges and reasserts all of the facts and allegations herein.

28. As provider of accidental death benefits to Mr. Wintle, defendant ReliaStar owed Mr. Wintle a fiduciary duty to inform him that he was required to file a waiver of premium form when he became fully disabled in order to continue to be covered under the policy and/or to assist Mr. Wintle in the filing of said form.

29. ReliaStar breached its fiduciary duty to inform when it failed to inform Mr. Wintle that he was required to file a disability waiver form when he became fully disabled in order to continue to be covered under the policy and/or to assist Mr. Wintle in the filing of said form.

30. As a direct and proximate result of the defendant ReliaStar's breach of fiduciary duty as aforesaid and otherwise, the plaintiff suffered loss of the accidental death insurance benefit valued at $41,000.00. 29 U.S.C. §1132(a)(1)(B).

31. The plaintiff is also entitled to reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(1).

C. <u>Count III - Breach of Fiduciary Duty (as to Jefferson Pilot)</u>

32. The plaintiff realleges and reasserts all of the facts and allegations herein.

33. Defendant Jefferson Pilot had a fiduciary duty to Mr. Wintle to pay the accidental death benefit after it had accepted premiums on Mr. Wintle's behalf.

34. By accepting premiums for Mr. Wintle and refusing to pay the accidental death benefit, defendant Jefferson Pilot breached its fiduciary duty to the plaintiff.

35. As a direct and proximate result of the defendant ReliaStar's breach of fiduciary duty as aforesaid and otherwise, the plaintiff suffered loss of the accidental death insurance benefit valued at $41,000.00. 29 U.S.C. §1132(a)(1)(B).

36. The plaintiff is also entitled to reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(1).

THE PLAINTIFF DEMANDS A JURY TRIAL